NO. 07-03-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 27, 2004
_____

DELBERT LEE BURKETT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 03-05-03402-CR; HON. JOANN OTTIS, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Delbert Lee Burkett (appellant) appeals his conviction for indecency with a child. The clerk's record was filed on October 27, 2003 and the reporter's record was filed on January 13, 2004. Thus, appellant's brief was due on February 12, 2004. However, one was not filed on that date. So, this Court notified counsel for appellant, by letter on February 19, 2004, that neither the brief nor an extension of time to file same had been filed. We also admonished counsel for appellant that if he did not respond to the court's

letter by March 1, 2004, the appeal would be abated to the trial court. On March 1, 2004, counsel for appellant moved this court for additional time to file a brief. The motion was granted and the deadline was extended to April 1, 2004. That date too passed without appellant filing a brief or motion to extend the deadline.

We again contacted counsel for appellant, by letter dated April 12, 2004, informing him of the default and explaining that if "no satisfactory response to [the April 12th] notice is filed by . . . April 22, 2004, the appeal will be abated . . . ." A day after the April 22 deadline, counsel for appellant sent the court another motion for extension of time. Therein, he requested that he be given "30 more days to file the brief." To justify the additional delay, counsel informed us that "I need more time since I'm quite busy, and Westlaw is still a trial." So too were we told by him that "[a]ppellate work is 'extra,' and I've simply fallen behind" and "I do not expect to ask again."

Being "quite busy" and unable to navigate Westlaw were also offered as justification for his earlier request for extension. And in response to it, we told counsel that the normal press of business is not good cause justifying delay. Nonetheless, counsel again tells us that he remains too busy to attend to an area of litigation, *i.e.* appellate work, that he apparently trivializes as "'extra.'" So, too did he wait until after expiration of the latest deadline to reveal to us his view of the task assigned him. Indeed, that he has complied with none of the deadlines imposed on him to date and that this court had to contact him about their lapse on most occasions evinces a disregard for the authority of the judiciary.

An appeal is not a trivial matter to be shunted aside by an attorney. Nor are the deadlines established by the court to be ignored. Doing so disserves our system of justice and falls short of the zealousness with which counsel is obligated to represent his client.

2

Simply put, the response received from counsel to our April 12th missive is unsatisfactory. Further delay cannot be countenanced given the reasons he offered here. Accordingly, we abate this appeal and remand the cause to the 284th District Court of Montgomery County (trial court). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent and entitled to appointed counsel; and,

3.      whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct it to appoint new counsel to assist him in the prosecution of the appeal. We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the trial court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before May 26, 2004. Should additional

time be needed to perform these tasks, the trial court may request same on or before May 26, 2004.

It is so ordered.

Per Curiam

Do not publish.